UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANA MULVANY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LIVE NATION ENTERTAINMENT, INC.,<br><br>　　　　Defendant. | Case No.  15-cv-04371-BLF<br><br>**ORDER DENYING MOTION TO COMPEL ARBITRATION**<br><br>[Re:  ECF 31] |

Defendant Live Nation Entertainment, Inc. moves to compel arbitration of Plaintiff Dana Mulvany's claims that Live Nation failed to accommodate her disability when she attended a comedy festival at Live Nation's venue.  Because Live Nation has not submitted a copy of the arbitration agreement or any evidence that Mulvany agreed to arbitrate her claims, the motion is DENIED.

**I.      BACKGROUND**

In August 2014, Mulvany bought two tickets from third party Groupon, Inc. to attend the Oddball Comedy Festival at the Shoreline Amphitheatre in Mountain View, California.  First Am'd Compl. ("FAC") ¶ 12, ECF 26.  Immediately after buying the tickets, Mulvany contacted Live Nation, which owns and operates the Shoreline Amphitheatre, to request accommodation for her disability.  *Id.* ¶ 13.  Mulvany is deaf in her left ear and has significant hearing loss in her right ear.  *Id.* ¶ 11.  Live Nation agreed to provide Communication Access Realtime Translation ("CART") for the Festival.  *Id.* ¶ 17.  Mulvany claims that the CART services provided at the Festival's main stage were completely inadequate, no CART services were provided at the Festival's second stage, and no captioning was provided on the video monitors located in the seating and vendor areas.  *Id.* ¶¶ 18-22.  As a result, Mulvany and her hearing-impaired guest were not able to enjoy the Festival.  *Id.* ¶¶ 18-25.

Mulvany filed this action in the Small Claims Court of the Santa Clara County Superior Court on September 11, 2015, asserting that Live Nation's conduct violated the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"). Small Claims Compl., Exh. A to Notice of Removal, ECF 1. Live Nation removed the action to federal district court on the basis of federal question jurisdiction. Notice of Removal, ECF 1. Mulvany filed the operative first amended complaint ("FAC") on May 24, 2016, claiming violations of the ADA, Unruh Act, California's Disabled Persons Act, and California's Unfair Competition Law. Live Nation answered the FAC on June 28, 2016 and it filed the present motion to compel arbitration on September 1, 2016.

**II.   DISCUSSION**

Live Nation moves to compel arbitration of Mulvany's claims against it based upon an arbitration provision contained Groupon's Terms of Use. According to Live Nation, Mulvany agreed to the Terms of Use when she created her Groupon account and again when she completed her online ticket purchase through Groupon's website. Live Nation asserts that the Terms of Use include an arbitration provision which applies not only to disputes between Mulvany and Groupon but also to the present dispute between Mulvany and Live Nation.

"[T]he party moving to compel arbitration has the burden to prove, by a preponderance of the evidence, that an agreement to arbitrate exists." *Amaya v. Spark Energy Gas, LLC*, No. 15-cv-02326-JSW, 2016 WL 1410755, at *3 (N.D. Cal. April 11, 2016); *see also Sanford v. Memberworks, Inc.*, 483 F.3d 956, 962 (9th Cir. 2007) ("It is axiomatic that arbitration is a matter of contract and a party cannot be required to submit any dispute which he has not agreed so to submit.") (internal quotation marks, citation, and alteration omitted); *Aoki v. Gilbert*, No. 11-cv-02797-MCE-CKD, 2013 WL 1156495, at *5 (E.D. Cal. Mar. 19, 2013) ("Because the existence of an arbitration agreement is a statutory prerequisite to granting a petition to compel arbitration, the party seeking to enforce the agreement bears the burden of proving the agreement exists by a preponderance of the evidence.").

Live Nation has not met this burden, as it has not submitted *any* evidence that Mulvany agreed to Groupon's Terms of Use or that said Terms of Use contain an agreement to arbitrate.

2

Live Nation attempts to prove the existence of an agreement to arbitrate by asking this Court to take judicial notice of filings in another case, *Keena v. Groupon, Inc.*, which was litigated in the United States District Court for the Western District of North Carolina.  *See* Def.'s Request for Judicial Notice, ECF 32.  Those filings include evidence that the North Carolina plaintiff, Ms. Keena, agreed to Groupon's Terms of Use in February 2015 and that those Terms of Use included an arbitration agreement.  *See id.*  Live Nation requests this Court to infer from the North Carolina documents regarding *Ms. Keena's* agreement to Groupon's Terms of Use in February 2015 that *Mulvany* agreed to identical terms *six months earlier* in August 2014.

Live Nation's request for judicial notice is DENIED.  While the Court "may take judicial notice of the existence of unrelated court documents . . . it will not take judicial notice of such documents for the truth of the matter asserted therein."  *In re Bare Escentuals, Inc. Sec. Lit.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010).  Moreover, even if the Court could accept the North Carolina filings for the truth of the matters asserted therein, Ms. Keena's agreement to arbitrate proves nothing with respect to whether Mulvany agreed to arbitrate.

### III. ORDER

For the reasons discussed above,

Defendant's motion to compel arbitration is DENIED.

Dated:  December 14, 2016

_____
BETH LABSON FREEMAN
United States District Judge

3